Forbes *v.* Smiley.

ESTHER S. FORBES *versus* SUMNER SMILEY.

Parties to a tenancy at will may abandon the original verbal agreement without resorting to the statute method of terminating the tenancy.

When parties to a tenancy at will have abandoned the original verbal agreement, under which the tenant took possession, and they fail to agree upon new terms, the tenant will be liable to pay whatever the rent is reasonably worth for the time he holds over.

ON REPORT.

ASSUMPSIT, to recover $31,25 for three months' rent of one undivided half of a store in Gardiner.

After verdict, the parties, in order to have a final disposition of the case, reported the evidence to the full Court,

who were to render such judgment as the law and evidence required.

The remaining facts sufficiently appear in the opinion.

*L. Clay*, for the plaintiff.

*N. M. Whitmore, 2d*, for the defendant.

TAPLEY, J. — The defendant was the tenant at will of the plaintiff, holding under a verbal agreement to pay rent quarterly, at the rate of $90 per year. While so holding, the plaintiff notified the defendant that, if he remained in the occupation after the expiration of the quarter not then expired, he must pay at the rate of $125 per year. This the defendant declined to do, saying, at one time, he "would move * * * first," and, at another time, "he said he would leave the store or move * * * first." When asked when he would leave the store, "he said he would leave it in thirty days," and, when asked if he wanted to be notified out "according to law," "he said no." During these negotiations he offered to pay $25 per quarter, and, previous to the commencement of this suit, he tendered the sum of $25 for the quarter's rent sued for.

The plaintiff declined to lease for less than $125 per year, and brings this suit to recover at that rate.

Upon this state of facts, "the presiding Judge instructed the jury to determine from the evidence, what the rent was reasonably worth for the quarter sued for, and, if it did not exceed the $25 tendered, to return a verdict for the defendant; if it did exceed that sum, to return a verdict for the plaintiff, not exceeding, however, the sum of 31,25 sued for, and interest from the date of the writ."

The jury returned a verdict for the plaintiff for the sum of $34,56.

From the evidence reported and the acts of the parties prior to the commencement of the suit, it is quite apparent that both parties regarded the original contract at an end, and it is quite as apparent no new contract was made in its

stead; the plaintiff claiming $125 per year, and the defendant offering $100, following it by a tender at that rate. It was competent for the parties to abandon the original contract, without any resort to the statutory methods of terminating the tenancy, and if, having done so, they failed to make such new terms as were mutually satisfactory, the law will supply its omission by holding the defendant to pay "what the rent was reasonably worth." This the jury have found to be a sum exceeding even that asked by the plaintiff, but, under the instructions of the presiding Judge, they have limited it to the amount sued for. We do not regard it necessary to discuss the questions of law raised by the defendant in his argument. The case as presented is one almost entirely of fact; upon an examination of the evidence, we are satisfied the verdict is right, and that there should be

> *Judgment for the plaintiff for the amount of the verdict and interest thereon since its rendition to the time of final judgment.*

APPLETON, C. J., CUTTING, WALTON, DICKERSON and DANFORTH, JJ., concurred.